```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
```

_____ )
                                     )
**UNITED STATES OF AMERICA,**        )
                                     )
    v.                          )
                                     )   Criminal Action No. 11-280 (RWR)
**MARY AYERS-ZANDER,**               )
                                     )
    Defendant.                  )
_____ )

### MEMORANDUM ORDER

      Mary Ayers-Zander pled guilty to wire fraud, was sentenced to thirty months imprisonment, and was ordered to repay $413,651.90 in restitution and make payments on the restitution through her participation in the Bureau of Prisons' Inmate Financial Responsibility Program ("IFRP"). The Bureau of Prisons ("BOP") originally required Ayers-Zander to pay $25 per quarter, but later increased her restitution payment to $97 per month. Ayers-Zander moves to defer her restitution payments until after her release from incarceration. She states that she is unable to pay the $97 per month restitution payment because she does not earn a sufficient salary in prison to make such a payment. She offers no factual information, though, to show that she has no other funds to support such a payment. The government, however, asserts that the BOP increased her payment after her prison trust account increased by $1500. Ayers-Zander does not rebut that assertion.

-2-

The IFRP operates "under the exclusive control and authority of the Executive Branch." United States v. Baldwin, 563 F.3d 490, 492 (D.C. Cir. 2009). Ayers-Zander has not shown that she exhausted all available BOP administrative remedies to challenge her IFRP restitution payment amount before seeking judicial relief. See United States v. Rush, 853 F. Supp. 2d 159, 162 (D.D.C. 2012) (citing 28 C.F.R. § 542.10(a)). Even if Ayers-Zander had exhausted all administrative remedies, the proper method for challenging how BOP is administering the IFRP in her case may not be a motion to the sentencing court, but rather a petition under 28 U.S.C. § 2241 in the district where Ayers-Zander is serving her sentence. See, e.g., United States v. Diggs, 578 F.3d 318, 319 & n.1 (5th Cir. 2009) ("All other circuits to look at this issue agree that prisoners challenging their IFRP payment plans must do so under § 2241."); Rush, 853 F. Supp. 2d at 162; United States v. Locke, Criminal No. 09-259 (JDB), 2012 WL 1154084, *3 n.5 (D.D.C. Apr. 9, 2012).

In any event, a court on motion made under 18 U.S.C. § 3664(k) may modify a restitution order after a defendant asserts a "material change" in her economic circumstances. See 18 U.S.C. § 3664(k). "The petitioner bears the burden of proving that [her] circumstances have changed enough to warrant such a modification." Hinton v. United States, Civil Action No. 01-1508 (RMU), 2003 WL 21854935, at *4 (D.D.C. Aug. 5, 2003). However,

-3-

Ayers-Zander's cursory assertion of an inability to pay in the face of unrebutted contrary evidence does not constitute a sufficient change in circumstances to justify deferring restitution payments until after her release.  See Locke, 2012 WL 1154084, at *1-2.

Thus, Ayers-Zander has not shown that she is entitled to relief from the increased restitution payments.  Accordingly, it is hereby

ORDERED that defendant's motion [33] to modify her restitution obligation be, and hereby is, DENIED.

SIGNED this 7th day of June, 2013.

```
                              /s/
                    RICHARD W. ROBERTS
                    United States District Judge
```